**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ariana Caparelli, | No. CV-18-02281-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Alan H Zimmerman PC and U.S. Collections West Incorporated, | |
| Defendants. | |

Plaintiff Ariana Caparelli ("Caparelli") alleges Defendants U.S. Collections West ("USCW") and Alan H. Zimmerman PC ("Zimmerman," and collectively with USCW, "Defendants") violated the Fair Debt Collections Practices Act ("FDCPA"). Plaintiff alleges that Defendants, as debt collectors, failed to effectively communicate the identity of her creditor and used false, deceptive, or misleading representations in connection with a debt. For the reasons set forth, Defendants' motion to dismiss for failure to state a claim is denied.

**BACKGROUND**

In support of her FDCPA claims, Caparelli's Amended Complaint alleges the following:

Caparelli leased an apartment from Casa Santa Fe Apartments in Arizona. (Doc. 16 at 5.) Some time before January 2018, Caparelli apparently failed to make timely payments to Casa Santa Fe Apartments. (Doc. 16-3 at 2.)

Caparelli received a letter from USCW, a collection agency, dated January 12,

2018. (Doc. 16 at 6.) The letter stated it was regarding Casa Santa Fe Apartments and that it was from a debt collector. (Doc. 16-2 at 2.) The letter further stated: "You have not responded to previous correspondence regarding the account shown above. You must make amicable arrangements for payment in full, or we will proceed against you under the guidelines of the Fair Debt Collections Practices Act." (Doc. 16-2 at 2.) According to the letter, Caparelli owed $2715.46. (Doc. 16-2 at 2.) The letter advised: "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." (Doc. 16-2 at 2.) Upon receipt of the letter, Caparelli claims she disputed the debt, without identifying how it was accomplished. (Doc. 16 at 6.)

In February 2018, Caparelli received another letter from USCW. (Doc. 16-3 at 2.) This letter also referenced Casa Santa Fe Apartments and contained a handwritten note under the category "response from the above mentioned creditor." (Doc. 16-3 at 2.) Creditor Casa Santa Fe Apartments stated: "Resident did not [fulfill] lease agreement and was informed of charges for leaving early." (Doc. 16-3 at 2.) The letter also informed Caparelli to respond by faxing or mailing USCW within 15 days. (Doc. 16-3 at 2.)

Caparelli received a third letter, this time from Zimmerman, dated March 27, 2018. (Doc. 16-1 at 2.) Caparelli alleges this letter "was Zimmerman's initial communication with [her] with respect to the Debt." (Doc. 16 at 5.) The subject line was: "Re: $3,829.63 Balance owed to U.S. Collections West, Inc. for debt incurred with Casa Santa Fe Apartments." (Doc. 16-1 at 2.) This letter also stated it was from a debt collector. (Doc. 16-1 at 2.) It advised: "In the event that you choose to ignore this request, this office has been authorized to take any and all actions necessary to collect the full amount due." (Doc. 16-1 at 2.) In addition, it informed Caparelli to contact USCW to discuss paying the account or to dispute the validity of the debt. (Doc. 16-1 at 2.)

Following the March 2018 letter, Caparelli received additional correspondence from USCW. In April 2018, a letter from USCW stated: "Previously you advised our office of your dispute and or a request for validation of our clients [sic] claim against

you. We previously provided you with the documentation provided by our client to validate their claims." (Doc. 16-4 at 2.) USCW also sent Caparelli a proposed promissory note dated April 27, 2018. The promissory note stated: "Client: Casa Santa Fe Apts." (Doc. 16-5 at 2.) It indicated that Caparelli owed $3829.63 but proposed a settlement amount of $2700.00. (Doc. 16-5 at 2.)

On July 19, 2018, Caparelli filed a complaint against Zimmerman and USCW. (Doc. 1.) Caparelli alleges the letter dated March 27, 2018 ("the Letter"), sent by Zimmerman on behalf of USCW, violated §§ 1692g(a)(2) and 1692e of the FDCPA because it failed to "meaningfully convey to [Caparelli] the name of the creditor to whom the alleged debt is owed" and falsely represented the identity of the creditor. (Doc. 16 at 11–16.) According to Caparelli, the current creditor was Casa Santa Fe Apartments. The Letter, however, implied that USCW was the current creditor. (Doc. 16 at 6.) Zimmerman filed a motion to dismiss Caparelli's amended complaint, (Doc. 18), which USCW joined. (Doc. 20.)

**LEGAL STANDARD**

To survive a motion to dismiss, the plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**ANALYSIS**

"To prevail on a FDCPA claim, a plaintiff must sufficiently allege that (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Hamilton v. Tiffany & Bosco*

*PA*, No. CV-14-00708-PHX-GMS, 2015 WL 11120694, at (D. Ariz. Feb. 10, 2015), *aff'd*, 713 F. App'x 674 (9th Cir. 2018). Here, only the third factor is under dispute.

The FDCPA was enacted to "prohibit debt collectors from engaging in various abusive and unfair practices," including abusive debt collection practices. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 947–48 (9th Cir. 2011). Specifically, § 1692g(a)(2) provides: "[A] debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). § 1692e forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

The Ninth Circuit has adopted the "least sophisticated consumer" standard to evaluate violations of the FDCPA. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061 (9th Cir. 2011). Under this standard, "[a]n FDCPA Plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117–18 (9th Cir. 2014). The "least sophisticated consumer" standard is lower than a "reasonable consumer" standard. *Gonzales*, 660 F.3d at 1061. The Ninth Circuit has instructed: "The standard is 'designed to protect consumers of below average sophistication or intelligence,' or those who are 'uninformed or naïve,' particularly when those individuals are targeted by debt collectors." *Id.* at 1062. Due to the remedial nature of the statute, courts interpret the FDCPA liberally in favor of the consumer. *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006).

Caparelli alleges the Letter violated the FDCPA because it did not accurately state the identity of the creditor. The Letter stated: "Re: $3,829.63 Balance owed to U.S. Collections West, Inc. for debt incurred with Casa Santa Fe Apartments." (Doc. 16-1 at 2.) Caparelli alleges this statement was inaccurate and deceptive as to the identity of the

creditor because it "leaves the consumer guessing whether the original creditor, Casa Santa Fe Apartments, is still the current creditor, or whether the Debt has been transferred to U.S. Collections West, Inc." (Doc. 16 at 6.) According to the Amended Complaint, at the time Caparelli received the Letter, the current creditor was Casa Santa Fe Apartments, not USCW. (Doc. 16 at 6.) Caparelli further argues that her "communications with both [USCW] and Casa Santa Fe Apartments support her allegation that Casa Santa Fe Apartments—not [USCW]—was her creditor." (Doc. 22 at 9.) For example, USCW's correspondences with Caparelli—both before and after the Letter—explicitly and implicitly indicated that Casa Santa Fe Apartments was the creditor. (Doc. 16 at 7.)

Defendants, on the other hand, argue the Letter was wholly accurate because it "clearly and prominently contained information regarding both the identity of the original creditor and the creditor to whom the debt is owed, even to the least sophisticated consumer." (Doc. 18 at 2.) According to Defendants, at the time Caparelli received the Letter, Casa Santa Fe Apartments was the original creditor and USCW was the current creditor to whom debt was owed. (Doc. 18 at 7.) In their Reply, Defendants argue for the first time that Casa Santa Fe Apartments assigned its debt to USCW, and attach an exhibit, dated February 15, 2018, purporting to show the assignment. (Doc. 23-1 at 2.) Defendants further argue that Caparelli "knew" the debt was assigned to USCW because she received communications from USCW and contacted USCW to negotiate and/or pay the debt. (Doc. 23 at 3.)

Defendants' argument is incorrect. On a motion to dismiss, the Court accepts Caparelli's factual allegations as truth and views her complaint in the light most favorable to her. *See, e.g.*, *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008). Caparelli has alleged sufficient facts supporting that Casa Santa Fe Apartments, not USCW, was the creditor at the time she received the Letter. Caparelli alleges the debt arose out of a lease agreement with Casa Santa Fe Apartments and that various correspondences with USCW had identified Casa Santa Fe Apartments as "the creditor" or USCW's "client." (Docs. 16-3 at 2, 16-4 at 2.) Even if Casa Santa Fe

Apartments assigned the debt to USCW, the assignment of debt for the purpose of debt collection does not alone convert a credit collection agency into a creditor. The FDCPA explicitly instructs: "The term 'creditor' . . . does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). In any event, Defendants' argument and new evidence regarding the alleged debt assignment were raised for the first time in their Reply and will not be considered on this motion to dismiss. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Caparelli sufficiently states a claim that Defendants violated the FDCPA's requirement that the debt collector communicate to the consumer "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a). Under §1692g(a), "[m]erely including the current creditor's name in a debt collection letter, without more, is insufficient." *Dix v. Nat'l Credit Sys.*, No. 2:16-cv-3257-HRH, 2017 WL 4865259, at *2 (D. Ariz. Oct. 27, 2017). Rather, the correspondence must effectively communicate the identity of the creditor—viewed from the perspective of the least sophisticated consumer. *See, e.g.*, *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D.Cal. Aug. 2, 2016). Here, considering allegations in the Amended Complaint, the Letter failed to effectively convey the identity of the creditor because it identified two parties who could potentially be creditors: "Balance owed to U.S. Collections West, Inc. for debt incurred with Casa Santa Fe Apartments." (Doc. 16-1 at 2.) Because the Letter did not state whether USCW or Casa Santa Fe Apartments was the creditor, and the language of the Letter was ambiguous as to the identity of the current creditor, the least sophisticated consumer would find herself "obliged to guess who currently owned the debts in question." *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 323 (7th Cir. 2016) (holding that a letter containing language about the "transfer" and assignment of an account was ambiguous and violated § 1692g(a)). Indeed, Defendants argue the Letter communicated that Casa Santa Fe Apartments was

1 the "original creditor" and USCW was the "current creditor." (Doc. 18 at 2.) To the
2 extent that Casa Santa Fe Apartments—not USCW—was the creditor, the Letter did not
3 adequately identify the creditor under § 1692g(a).

4 Caparelli also sufficiently states a claim that Defendants violated § 1692e of the FDCPA, which prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Ninth Circuit has instructed that any false or misleading representations must be material in order to be actionable under § 1692e. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014). "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011). To the least sophisticated consumer, "a literally true statement can still be misleading." *Id.* at 1062. As discussed above, the language of the Letter is ambiguous as to the identity of the creditor and can be reasonably read to have more than one meaning. In addition, the identity of the creditor is material here because it "may frustrate a consumer's ability to intelligently choose his or her response." *See Tourgeman*, 755 F.3d at 1120. In *Tourgeman*, the Ninth Circuit held that "in the context of debt collection, the identity of a consumer's original creditor is a critical piece of information" and any factual errors could "easily cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Id.* at 1121. Here, misleading language about the identity of the creditor could have frustrated Caparelli's efforts to negotiate or settle the debt with her creditor.

……
……
……
……
……
……

Accordingly,

**IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 18) is **DENIED**.

**IT IS FURTHER ORDERED** the filing of Plaintiff's Amended Complaint rendered as moot Defendants' previous Motion to Dismiss (Doc. 12).

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss (Doc. 12) is **DENIED** as moot.

Dated this 28th day of November, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge